# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:12-CR-99-TAV-DCP-1 |
| GORDON HAROLD WILLIAMS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion for sentence reduction, relying on 18 U.S.C. § 3582(c)(2) and Section 1B1.10 of the Sentencing Guidelines [Doc. 37]. The government has responded in opposition, arguing that defendant has not identified a retroactively applicable amendment to the Guidelines, as required under § 3582(c)(2) [Doc. 44].

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced

to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). The applicable policy statement is set forth in § 1B1.10 of the Guidelines.

The only legal basis defendant provides for his request for a sentence modification is § 3582(c)(2) and the related policy statement in § 1B1.10 of the Guidelines. But defendant has not identified any amendment to the Guidelines that has lowered his sentencing range since the date of his sentencing. Instead, the only guideline amendment defendant mentions is Amendment 599 [Doc. 37, p. 7]. But Amendment 599 became effective on November 1, 2000. U.S.S.G., Appendix C, Vol. II, Amend. 599. And defendant was sentenced in this case in 2013 [Doc. 23], well after Amendment 599 took effect. Accordingly, the Court finds that defendant has not set forth any legal authority for the Court to reduce his sentence, and his motion [Doc. 37] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE